34 423,
70a 467

AUGUST SCHRICK, Appellant, *v.* ST. LOUIS MUTUAL HOUSE BUILDING COMPANY, Respondent.

*Corporation—By-laws.*—A corporation authorized by its charter to make such by-laws as may be necessary to attain its objects, may also amend and change such by-laws so as to affect the rights of the stockholders under the previous by-law.

*Appeal from Law Commissioner's Court.*

*Kribben* and *Kehr*, for appellant.

*A. M. & S. H. Gardner*, for respondent.

BATES, Judge, delivered the opinion of the court.

The defendant is a corporation whose object is to purchase real estate and erect buildings on the same, i. e., for every share one building.

The capital of the company is acquired by payments by the members of an entrance fee and subsequent equal monthly payments. In April, 1859, the plaintiff became a member by the payment of the entrance fee, and he made the required monthly payments until December of that year. He then demanded the return of the money he had paid, which was refused. He failed to make any further payments, and after the lapse of three months brought this suit for the recovery of the money he had paid. The company was by its charter authorized to make such by-laws as should be proper and necessary to carry into effect the provisions of the act, and to attain the objects of the corporation. At the time the plaintiff became a member of the company, the ninth article of the by-laws of the company provided " that in case any stockholder shall neglect to pay his monthly instalment or rent when due, or ten days after that time, same shall forfeit and pay the additional sum of ten cents on each and every dollar due by him to the company for each and every such monthly neglect ; and if any of the stockholders shall neglect to pay his monthly instalments and fines for the space of three months, same shall receive from the treasurer the amount of money actually paid in by him without any

allowance of interest, first deducting all fines and forfeitures that may stand charged against him, and also his porportionable share of all losses incurred, and from thence cease to be a member of the company, unless otherwise ordered by the board."

And the 12th article provided that the by-laws might be amended at any stated meeting of the board. In October, 1859, the ninth by-law was amended so as to provide that "if any stockholder shall neglect to pay his monthly instalment and fines for the space of three months, his share of stock may be declared forfeited, at the option of the board of directors."

The board of directors has not declared the plaintiff's share of stock to be forfeited. There was judgment for the defendant, which was right. The by-laws were subject to amendment, and the plaintiff's rights as a member of the corporation, so far as they depended upon a by-law, were subject to be changed by a change in the by-law. There is no doubt that the amendment of article nine of the by-laws repealed that article so far as it authorized the stockholder to receive from the treasurer the amount of money paid in by him, and terminated his membership in the company. The case presents no question of the right of the board to forfeit the stock of the plaintiff, no attempt to do so having been made.

Judgment affirmed. Judges Bay and Dryden concur.