**Autry BEEN et al., Appellants,**

v.

**PRODUCERS ASSOCIATION OF SAN ANTONIO, INC. et al., Appellees.**

No. 13917.

Court of Civil Appeals of Texas.

San Antonio.

Dec. 6, 1961.

Clemens, Knight, Weiss & Spencer, San Antonio, for appellants.

Frank D. Masters, A. R. Sohn, San Antonio, for appellees.

POPE, Justice.

Autry Been and others have appealed from an order which temporarily enjoined them from acting as directors of the Producers Association of San Antonio, a milk marketing association. The appeal concerns the validity of a special stockholders meeting which removed the regularly elected directors and elected appellants.

Producers Association is composed of more than four hundred members. At its annual meeting on April 29, 1961, it elected

directors. During the summer of 1961, D. T. Perry, a non-member, solicited and obtained requests from the required number of stockholders asking for a special meeting. He delivered the requests to Autry Been, a stockholder, who, on July 7, 1961, called a special meeting for July 14, 1961. Prior to the meeting, the officers and directors protested that the call was illegal and offered to call a legal meeting if requested. They were never requested to call the meeting, and no petition for a called meeting was ever filed with the Association officials. The meeting called by Been was conducted on July 14, at Harlandale High School in San Antonio with about two hundred persons present. The directors who were elected at the annual meeting did not attend. The stockholders voted, 145 to 26, to remove all directors. After ousting the directors, the stockholders elected appellants.

On the afternoon after the special meeting, the ousted directors filed this suit. The court restrained the newly elected directors from acting, and upon trial, one week later, temporarily enjoined them. The court found the facts and concluded, among other things, that the special meeting on July 14, 1961, was invalid because it violated the ten-day notice requirement of Article 5747, Vernon's Tex.Civ.Stats., and because the request for the meeting was not presented to the Board of Directors so they could call a meeting as required by the Association's by-laws.

■ The trial court's decree is affirmed. It is affirmed because the removal of the

directors was contrary to the provisions of Article 5751, Vernon's Tex.Civ.Stats., and because the July 14 meeting was called in violation of the method required by Article 5747. If the meeting was illegal, the trial court properly granted the temporary injunction. Camp v. Shannon, Tex., 348 S.W. 2d 517, 4 S.Ct.Jour. 625. The officers and directors of the Association have done nothing to waive any rights under the statute or the by-laws. They did not participate in the special meeting or its call, and continuously have protested that it was not a valid meeting. Camp v. Shannon, supra.

Article 5751 specifically relates to the removal of directors of marketing associations and states the methods which must be followed.[1] A petition was not filed with the Association Secretary. No charges were lodged against any of the directors, and none were filed with the Association Secretary. Since there were no charges, there was no hearing upon any charges. The notice of the meeting was mailed by Autry Been, a stockholder but not an officer. It stated that the purpose of the special meeting was to determine whether to terminate the terms of any of the directors and to elect new directors.

■ Appellants seek to justify their disregard of Article 5751, because they believed they were following the provisions of the Association's by-laws. By-laws which conflict with the statutory requirements for marketing associations are controlled by the statute. This is so because Article 5746, Vernon's Tex.Civ.Stats., and Art. IX, § 5

---

1. "Art. 5751. Removal of officer or director

"Any member may bring charges against an officer or director by filing them in writing with the secretary of the association, together with a petition signed by ten per cent of the members, requesting the removal of the officer or director in question. The removal shall be voted upon at the next regular or special meeting of the association, and by a vote of a majority of the members, the association may remove the officer or director and fill the vacancy. The director or officer against whom such charges

have been brought shall be informed in writing of the charges previous to the meeting and shall have an opportunity at the meeting to be heard in person or by counsel and to present witnesses; and the person or persons bringing the charges against him shall have the same opportunity. In case the by-laws provide for election of directors by districts with primary elections in each district, then the petition for removal of a director must be signed by twenty per cent of the members residing in the district from which he was elected. The board of directors must call a special meeting of the

of the Association's by-laws so provide. The by-law which the new directors relied upon was Article V, § 3.[2] It authorizes the removal of a director without cause. It makes no provision for charges, nor that they be filed with any one, nor that the director concerned even know of the complaint or be permitted to defend against it. The conflict between the by-law and Article 5751 is as clear as is the difference between charges and no charges, notice and no notice, hearing and no hearing, opportunity to defend and no opportunity to defend.

Article V, § 3, appears to conflict internally with another of the Association by-laws. Section 23 of the same Article is entitled "Removal from Office."[3] It provides that in addition to the right to remove without cause, the Association may remove for cause by following the steps provided for the expulsion of a member in Article III, § 4(d).[4] By that method, there must be written charges filed with the Secretary or Board of Directors, a hearing and trial, and ten-days' notice by registered mail to the one charged.

The new directors reason that the by-law method of removal without cause, charges, notice or hearing is merely another method added to the statutory method which re-

members residing in that district to consider the removal of the director. By a vote of the majority of the members of that district, the director in question shall be removed from office. Id."

2. "Section 3. The term of office of any director may be terminated either with or without cause, at any time, by the action at any general or special membership meeting or by the unanimous action of the other directors, or by the resignation of the director."

3. "Section 23. Removal From Office. In addition to the provisions of Section 3 of this Article, any member of the Board of Directors may be removed from office at any time for a sufficient cause, in the same manner and in the same way as hereinbefore provided in Article III, Section 4(d), governing the expulsion of members of the Association."

4. "Section 4(d) Expulsion. The Board of Directors, upon compliance with the procedure herein set forth, may expel members and terminate their membership contract for acts injurious to the Association or grievous misconduct on the part of the member. Charges setting forth the misconduct of the member must be in writing, must be signed by at least one member of the Association, and must be filed with the Secretary or with the Board of Directors of the Association. After the filing of such charges, the Board of Directors, or a committee appointed by the Board of Directors, shall investigate the charges. If the committee reports that the charges are without foundation, the action shall be dropped. If the committee reports and the Board determines that the charges have sufficient merit to warrant consideration, the member so charged shall be notified in writing by registered mail, return receipt requested, addressed to said member at his resident address, and mailed in time to assure that the same shall be delivered to said member and received by said member at least ten (10) days before any hearing. Such notice shall fully advise member of the nature of the charges filed against him and the date and place of the hearing, and such member shall be given an opportunity to appear before the Board of Directors at such hearing and defend himself. In the event the member so charged and notified shall fail to appear and defend himself at such hearing, the Board of Directors, as hereinafter provided, may act upon such charges. In the event the member shall appear and defend himself, the Board of Directors shall act upon such charges and no continuance of such hearing may be had without the consent in writing of the member charged, and the date for resuming such hearing, time and place being set at such time. At such hearing all members of the Board of Directors present and attending said hearing may vote by written ballot or raised hand, and in the event the member charged appears and defends himself, he shall have the right and election of determining the manner of such voting. All such votes and all evidence pertaining to such charges shall be taken and presented to the Board of Directors only in the presence of the member charged. No member shall be expelled without at least a two-thirds vote of the Board of Directors present and voting for such expulsion, and no hearing shall be held without at least a majority of the Board of Directors being present and attending such hearing."

quires all of those protective steps. In our opinion, the one method is the opposite of and in conflict with the other. If the argument that the removal without cause is merely an additional non-conflicting provision, then the whole marketing act could be repealed by the adoption of by-laws which provide procedures other than and different from the statutory requirements. The Legislature would not have concerned itself with the statement of procedures it felt were needed, if it regarded them as surplusage or optional. We do not believe the Legislature would have written into the law that directors could be removed for cause if they could be removed without cause. The by-law which permits removal without cause, in our opinion, conflicts with Article 5751.

■ The trial court's conclusion that the special meeting held on July 14 was invalid is also correct. Article 5747 states that stockholders have the right to call a stockholders meeting. It declares how that meeting shall be called, however. There must be a petition by ten per cent of the members. That petition must be "filed". After it is filed, "Such meeting must thereupon be called by the directors." Notice of the meeting "shall be mailed to each member at least ten days prior to the meeting." The statute then gives the Association an option to give notice by newspaper. There is no contention that this Article was followed. No petition was filed asking for a special meeting. The Board of Directors were not asked to call a meeting, though the undisputed evidence is that they expressed a willingness to do so if properly requested. The ten-day notice requirement was ignored. Here again the argument is made that the by-laws provided an additional method of procedure. Here too, however, the method followed in calling the meeting contravened the procedures required by the Legislature. Article 5747 states that the special meeting "must thereupon be called by the directors." 2 Hildebrand, Texas Corporations, § 532. It states that notice of "all meetings" shall be mailed to each member "at least" ten days prior to the meeting. These are not careless words. 18 C.J.S. Corporations § 543.

The by-laws required only five days' notice for special meetings.[5] We do not pass upon the adequacy of that notice for regular business matters. Stockholders' special meetings, however, are not usual, and Article 5747, in specifically authorizing them, stated that "Such meeting" must be called by the directors with ten days' notice. In our opinion, the legislative mandate is dominant and must prevail. International Travelers' Ass'n v. Francis, 119 Tex. 1, 23 S.W.2d 282, 283. The court's order temporarily enjoining the new directors from acting as such was proper.

The trial court also temporarily enjoined W. M. Donaho, the Manager of the Association, from selling milk in violation of his contract of employment with the Association, and enjoined the Association from making false reports to the marketing administrator concerning the use of milk belonging to the Association members

5. "Article IV, Section 3. Special Meetings. Special meetings of the members of the Association may be called at any time by order of the President, by order of a majority vote of the Board of Directors, or upon the written request of any twenty-five (25) members of the Association. Such special meeting shall be held in the City of San Antonio, Bexar County, Texas, or such other place in the State of Texas as the Board of Directors may from time to time designate. Such order or request shall state the time, place, object and/or purpose of the meeting, and the written notice of such meeting must be published in the official publication of the organization or in writing and mailed to the members of the Association at least five (5) days before the date of the meeting. At such meeting no matter of business may be taken up or considered except those matters stated in the order, request, and notice. All special meetings shall be open to all members of the Association."

We find those orders are supported and justified by the evidence.

The decree is affirmed.

MURRAY, C. J., disqualified and not sitting.