John BURNETT, D.O., et al.,
Respondents,

v.

David L. BARNES et al., Appellants.

No. KCD 27865.

Missouri Court of Appeals,
Kansas City District.

Jan. 31, 1977.

Milton C. Clarke, Michael H. Maher, Kansas City (Swanson, Midgley, Gangwere, Thurlo & Clarke, Kansas City, of counsel), for appellants.

Clem W. Fairchild, Philip B. Green, Kansas City (Linde Thomson Fairchild Langworthy & Kohn, Kansas City, of counsel), for respondents.

Before TURNAGE, P. J., and WELBORN and HIGGINS, Special Judges.

ANDREW JACKSON HIGGINS, Special Judge.

Declaratory judgment action by four physician-members of the Kansas City College of Osteopathic Medicine, a general not for profit corporation, against the Corporation and members of its Board of Trustees for determination that certain bylaw amendments purportedly adopted July 17, 1972, were adopted in excess of the power of the Board and for injunction against acting under such amendments. Appeal from declaratory judgment which, among other things, enjoined defendants from acting under said amended bylaws. The question, answered in the negative by the trial court, is whether the Board of Trustees of the Kansas City College of Osteopathic Medicine had the power to amend the bylaws of the Corporation to eliminate existing membership status in the Corporation of plaintiffs and others in their class. Affirmed.

The question and the case were submitted on a stipulation of facts.

Defendant Kansas City College of Osteopathic Medicine is a not for profit corporation under the General Not for Profit Corporation Law, Chapter 355, RSMo 1969, V.A.M.S. Individual defendants were, on July 17, 1972, duly elected members of the Board of Trustees of the Kansas City College of Osteopathic Medicine or its prede-cessor under the name Kansas City College of Osteopathy and Surgery. Plaintiffs and others of their class were, prior to July 17, 1972, recognized by the Kansas City College of Osteopathic Medicine and its Board of Trustees as having the status of members of the Corporation.

On July 3, 1916, the Kansas City College of Osteopathy and Surgery was incorporated by *pro forma* decree under Article X, Chapter 33, RSMo 1909, entitled "Benevolent, Religious, Scientific, Educational and Miscellaneous Associations." [1,2]

On October 27, 1925, the Articles of Agreement of the Kansas City College of Osteopathy and Surgery were amended by *pro forma* decree under Article XI, Chapter 90, RSMo 1919, "Benevolent, etc. Associations." [3,4]

On February 18, 1946, the Articles of Agreement of the Kansas City College of Osteopathy and Surgery were further amended by *pro forma* decree under Article X, Chapter 33, RSMo 1939, entitled "Benevolent, etc., Associations." [5,6]

Pursuant to its Articles of Agreement, the Board of Trustees of the Kansas City College of Osteopathy and Surgery and its successor, the Kansas City College of Osteopathic Medicine, duly adopted bylaws, amended them from time to time, and all boards of trustees conducted the affairs of

1. Section 3441, RSMo 1909, provides: "Every corporation created under this article shall make by-laws for its government * * * and therein provide, unless such provision is already made in its charter, for the admission of new members * * *."

2. The Articles of Agreement filed by the original members provide "Fifth" that corporate power is "vested in the Board of Directors, to be selected by the members of the association. Said Board * * * shall make and adopt By-laws for the government and support, and the management of the property of the corporation, and provide for the admission of new members * * *."

3. Section 10273, RSMo 1919, is the same as Section 3441, RSMo 1909.

4. The Amended Articles of Agreement provide in Article III that the association is formed "for the following purposes * * * to make by-laws not contrary to the Constitution or laws of the State * * * for the government, support and management of the property and schools of this association * * * to admit new members into this association * * *"; and in Article V that "corporate power and * * * affairs of this association shall be under the care and control of the Board of Directors, to be selected by this association. Said Board * * * shall make and adopt by-laws * * *, and provide for the admission of new members * * *."

5. Section 5446, RSMo 1939, is also the same as Section 3441, RSMo 1909.

6. The Amended Articles of Agreement provide in Article IV that the association is formed "for the following purposes * * * to admit new members * * *."

the Corporation pursuant to such bylaws from at least 1946 until July 17, 1972.[7]

On May 1, 1964, an action in the nature of *quo warranto* was filed asking that the charters of the Kansas City College of Osteopathy and Surgery, granted by decree October 25, 1925, and of the Kansas City College of Osteopathy and Surgery, granted by decree February 18, 1946, be rescinded.[8]

In May, 1965, the Kansas City College of Osteopathy and Surgery submitted to the circuit court Articles of Acceptance, together with an application praying that said Articles be approved pursuant to Section 355.020, RSMo (Laws 1953, p. 322, § 3), for the purpose of accepting and becoming a corporation organized under the General Not for Profit Corporation Law of the State of Missouri, Chapter 355, RSMo (Laws 1953, p. 322, § 1 et seq). On May 17, 1965, the court approved said Articles of Acceptance.[9] On June 21, 1965, a Certificate of Acceptance was issued by the Secretary of State to the Kansas City College of Osteopathy and Surgery.

On November 27, 1970, the name of the Corporation was changed from the Kansas City College of Osteopathy and Surgery to the Kansas City College of Osteopathic Medicine.

Following amendment of the Articles of Agreement April 27, 1965, and issuance of the Certificate of Acceptance, no bylaws were formally adopted by the Board of Trustees until July 17, 1972, when amended bylaws were adopted. Subsequent to June 21, 1965, the Kansas City College of Osteopathic Medicine and its predecessor, the Kansas City College of Osteopathy and Surgery, and their boards of trustees conducted the affairs of the corporation as they had since at least 1946, pursuant to the bylaws described supra, fn. 7.

On July 12, 1972, at a duly called special meeting of the Board of Trustees of the Kansas City College of Osteopathic Medicine, the Board resolved to adopt certain amended bylaws and further resolved that such amended bylaws be considered and adopted at the next regular meeting of the Board of Trustees to be held July 17, 1972.

On July 17, 1972, the Board of Trustees amended[10] the bylaws of the Kansas City College of Osteopathic Medicine.

Plaintiffs (recognized prior to July 17, 1972, as members of the Kansas City College of Osteopathic Medicine by virtue of graduation from the college), have not, subsequent to adoption of the amended bylaws, July 17, 1972, been recognized as having the status of members of the Corporation by the Corporation and its Board of Trustees.

Following resolution of the stated question against defendants, the trial court en-

---

7. The bylaws, as last amended April 16, 1962, provide: "Each and every person who shall have graduated, or who shall in the future graduate, from the Kansas City College of Osteopathic Medicine with a degree granted by said College, and each and every person who shall in the past, or who shall in the future, be duly elected to the Board of Trustees * * * and shall serve as such Trustee, and each and every person who has in the past, or shall in the future, be duly elected an officer * * * and shall serve as such shall be members of this Corporation."

8. The record does not show any resolution of this action.

9. Article Two of the Articles of Acceptance shows that the members of the corporation met April 27, 1965; 235 members were entitled to cast 235 votes; and 235 votes were cast for two resolutions and no votes were cast against the resolutions. The first resolution was for acceptance of the provisions of Chapter 355,

RSMo 1959; the second was for amendment of the Articles of Agreement in the manner provided by Chapter 355, supra. Article Sixth of the Articles of Agreement as thus amended provides: "This corporation is formed for the following purposes * * *: To promote the study of the theory and practice of osteopathy * * *; to establish hospitals * * *; to make by-laws not contrary to the Constitution or laws of the State * * * for the government, support and management of the property * * *; to change any and all by-laws * * *; to admit new members into this association * * *."

10. Article III of the bylaws, as amended July 17, 1972, provides: "The Corporation, effective with the adoption of these Amended Bylaws, shall have no members and in lieu thereof shall have only a self-perpetuating Board of Trustees, as authorized by" Section 355.105, RSMo 1969.

joined defendants from acting under the bylaws adopted July 17, 1972, insofar as said bylaws and any acts thereunder are inconsistent with prior provisions for membership; amended the bylaws adopted July 17, 1972, to conform to bylaws previously in existence on matters pertaining to membership and the rights of members; and permitted subsequent amendments to the bylaws so long as they do not eliminate membership in the Kansas City College of Osteopathic Medicine, a corporation.

Appellants contend the court erred (I) in determining that the July 17, 1972, bylaws eliminating membership in the corporation were inconsistent with the Articles of Incorporation, contrary to the provisions of Sections 355.090 and 355.100, RSMo 1969. Their argument, in sum, is that the primary purpose of the corporation is to educate and train doctors of osteopathy; that the July 17, 1972, bylaws are not inconsistent with that or any other purpose of the corporation; that the corporation from its inception granted the Board of Trustees discretionary power to admit new members as it might deem proper; that in 1972, the Board in its discretion determined that members such as plaintiffs were no longer required, and the court should not interfere with the Board's actions.

Appellants contend the court erred (II) because the Board of Trustees which created plaintiffs' membership status retained the power to eliminate that status through amendment of the bylaws. The argument is that plaintiffs became members of the Corporation solely as a result of the bylaws adopted by the Board of Trustees in 1946; that the relationship was expressly subject to unilateral change by the Board through the amendment process, and the court should not intervene in the Board's exercise of its reserved right to alter the relationship; that such action was expressly authorized by the bylaws existing in 1972 and was not inconsistent with the Corporation's charter or history; that the Board is empowered by Section 355.100, RSMo 1969, and by its charter to adopt its initial bylaws, and by Section 355.090, RSMo 1969, to amend its bylaws.

The trial court supported its resolution of the stated question and the judgment with an opinion. Review of the case as prescribed in Rule 73.01, V.A.M.R., shows that the opinion is also dispositive of the case on appeal. Subject to modifications conforming it to the style of the statement, it is adopted as the decision and opinion of this court, viz:

In the original Articles of Agreement of Kansas City College of Osteopathy and Surgery (now Kansas City College of Osteopathic Medicine), dated May 19, 1916, the purpose clause (Article Third) did not mention "members"; however, Article Fifth, the powers clause, required the Board to "provide for the admission of new members." See fn. 2.

In April, 1965, when the Kansas City College of Osteopathy and Surgery adopted Articles of Acceptance under the General Not for Profit Corporation Act (Chapter 355, RSMo 1959), the original Articles of Agreement were amended and restated to, among other things, eliminate the powers clause and expand the purpose clause. One of the stated purposes is "to admit new members into this association." See fn. 9. The Articles of Acceptance show that the meeting at which the Articles of Acceptance were adopted was attended by 235 members who were entitled to vote, who unanimously voted to adopt the Articles of Acceptance. See fn. 9.

On July 17, 1972, the Board of Trustees amended Article III of the bylaws of the Kansas City College of Osteopathic Medicine to eliminate membership and provide for a self-perpetuating Board of Trustees. See fn. 10.

Section 355.090, RSMo 1969, V.A.M.S., provides that each corporation organized under the General Not for Profit Corporation Law shall have power "to make and alter bylaws not inconsistent with its articles of incorporation or with the laws of this state, for the administration and the regulation of the affairs * * *." Sec-

tion 355.100, RSMo 1969, V.A.M.S., provides: "The initial bylaws of a corporation shall be adopted by its board of directors. * * * The bylaws may contain any provision for the regulation and management of the affairs of a corporation not inconsistent with law or the articles of incorporation." In 18 C.J.S. Corporations § 189, page 604, it is stated: "Void also is any by-law, contrary to the express or implied provisions or limitations of the charter, articles of association or incorporation, or governing statute, in any way changing the rights or liabilities of the * * * members." [11]

Regardless of arguments that, as a practical matter, members of the Corporation have little, if any, actual power or voice in the affairs of the Corporation and that financial contribution was not a prerequisite to membership, the court cannot ignore an express purpose of the articles of agreement or incorporation, i. e., "to admit new members into this association." See again fn. 9. To permit this charter purpose to be deleted or repealed by the purported bylaw amendment of July 17, 1972 (fn. 10), is to permit adoption of a bylaw inconsistent with the articles of incorporation contrary to provisions of Sections 355.090 and 355.-100, supra.

The wisdom and desirability of the action of the Board of Trustees in eliminating membership is not before the court, nor is it appropriate to comment gratuitously on the merits of a self-perpetuating board of trustees versus a board selected, more or less, by a membership.[12]

The Board of Trustees of the Kansas City College of Osteopathic Medicine exceeded its power when it adopted the bylaw of July 17, 1972, eliminating membership in said general not for profit corporation. To the extent the bylaws, adopted July 17, 1972, are inconsistent with this opinion, they are void and of no force and effect.

As previously indicated, the foregoing opinion of the trial court is adopted as dispositive of the issue on appeal.

In addition, this court notes the citation of *State v. Ozark Transmission District,* 409 S.W.2d 71 (Mo. banc 1966), *Purdy v. Bankers' Life Ass'n,* 101 Mo.App. 91, 74 S.W. 486 (1903); *Westlake Hospital Ass'n v. Blix,* 13 Ill.2d 183, 148 N.E.2d 471 (1958); *Schrick v. St. Louis Mutual House Bldg. Co.,* 34 Mo. 423 (1864); *State ex rel. Schrempp v. Grand Lodge A. O. U. W.,* 70 Mo.App. 456 (1897), and 8 Fletcher, Private Corporations, §§ 4156, 4198, in appellants' brief on appeal. Such authorities have been considered; they do not persuade a different result on this appeal.

Judgment affirmed.

All concur.

11. The precedessor text, 14 C.J. § 460, p. 362, was cited and applied in *Murphy v. Richardson Dry Goods Co.,* 326 Mo. 1, 31 S.W.2d 72, 75 (banc 1930), for the proposition that articles of incorporation prevail over bylaws in case of conflict.

12. If the matter is deemed worthy of further consideration, those interested may wish to examine provisions for amendment of articles of incorporation in Chapter 355, V.A.M.S.