Robert F. MASON, et ux.,
Plaintiff-Appellant,

v.

WILLIAMS DISCOUNT CENTER, INC.,
Defendant-Respondent.

No. 44996.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 8, 1982.

Motion for Rehearing and/or Transfer
Denied Sept. 17, 1982.

Edward J. Delworth, St. Louis, for plaintiff-appellant.

Gael D. Wood, Washington, John B. Berkemeyer, Hermann, for defendant-respondent.

SNYDER, Judge.

This is an appeal from a judgment dismissing appellants' second amended petition for failure to state a claim upon which relief may be granted. The judgment is reversed and the cause remanded.

Appellants filed a petition alleging respondent included appellants' names on a list of names posted in respondent's store under the heading "no checks". Appellants' second amended petition reads:

## COUNT I

Comes now the plaintiff, Robert F. Mason, and for his cause of actions states as follows:

1) That defendant is, and was at all times herein mentioned, a duly organized and existing corporation authorized to do business in Missouri.

2) That said defendant, at all times herein mentioned, operated a retail store in Hermann, Missouri.

3) That plaintiff, Robert F. Mason, also used the name Colonel R.F. Mason.

4) That for a period of time during the year 1980 the defendant in its store, in an area in plain view of its customers, placed a list of names, among which were the name Col. and Linda Mason, under the title "no checks" in large print.

5) That said list was of such size and so placed that it was in the direct view of customers passing through the checkout lane of the store and the lettering was of such size as to be easily readable by such persons.

6) That from the size of the lettering and the placement of the aforesaid list the defendant published to its customers passing through its checkout lane that defendant believed plaintiffs were a bad risk for check cashing purposes and were likely to dishonor payment of any such check.

7) That the publication of the aforesaid list caused plaintiff, Robert F. Mason, mental and physical suffering and shame and humiliation all to his damage in the sum of Seven Thousand Five Hundred Dollars ($7,500.00) and the publication of such list was done wilfully, wantonly and maliciously so that said plaintiff is entitled to punitive damages in the sum of Fifty Thousand Dollars ($50,000.00).

WHEREFORE, plaintiff Robert F. Mason prays for judgment against defendant for the sum of Seven Thousand Five Hundred Dollars ($7,500.00) actual damages and the sum of Fifty Thousand Dollars ($50,000.00) as punitive damages and for the costs of this action.

Count II of the petition alleged essentially the same facts as they related to appellant Linda Mason, appellant Robert F. Mason's wife.

The trial court granted respondent's motion to dismiss the petition for failure to state a claim upon which relief could be granted.

Appellants' points argue essentially that the petition stated a claim. This court agrees. A petition should set forth a short, plain statement of the facts showing that the plaintiff is entitled to relief. Rule 55.-05. Appellants' petition does so.

■ Appellate courts reviewing a petition dismissed for failure to state a claim must construe the petition liberally and favorably to the plaintiff, giving the plaintiff the benefit of all inferences fairly deducible from the facts stated. *Burckhardt v. General American Life Insurance Co.*, 534 S.W.2d 57, 63[1–9] (Mo.App.1975); *Laclede Gas Co. v. Hampton Speedway Co.*, 520 S.W.2d 625, 630 (Mo.App.1975).

■ The facts pleaded are assumed to be true. If those facts and all reasonable inferences from the facts, when viewed in the light most favorable to the plaintiff, show any ground for relief the petition should not be dismissed. All pleadings are to be construed so as to do substantial justice. Rule 55.24; *Niemczyk v. Burleson*, 538 S.W.2d 737, 742[4] (Mo.App.1976); *Burckhardt v. General American Life Insurance Co., supra.*

■ Appellants do not mention invasion of privacy in their petition, but they assert in their brief that their petition, as drafted, sufficiently states a cause of action for invasion of privacy, specifically publication of a private matter. This is a recognized action in Missouri. *Biederman's of Springfield Inc. v. Wright*, 322 S.W.2d 892, 895[1] (Mo.1959); *McNally v. Pulitzer Publishing Co.*, 532 F.2d 69, 78[15–21] (8th Cir. 1976), *cert. denied* 429 U.S. 855, 97 S.Ct. 150, 50 L.Ed.2d 131 (1976).

■ The elements of an action for publication of a private matter are (1) publication, (2) absent any waiver or privilege, (3) of private matters in which the public has no legitimate concern, (4) so as to bring shame or humiliation to a person of ordinary sensibilities. *McNally v. Pulitzer Publishing Co., supra;* Restatement 2d of Torts § 652D (1977).

■ Appellant sufficiently alleged publication. The sign was posted in plain view of all the customers of the store with the effect of publicizing the matter to those customers. This meets the publication standard of *Biederman's of Springfield, Inc. v. Wright, supra.*

Waiver and privilege generally must be pleaded as affirmative defenses. Rule 55.-08; *Ehrle v. Bank Building & Equipment Corporation of America*, 530 S.W.2d 482, 491[8] (Mo.App.1975). Appellants' petition therefore was not required to include the element of no waiver or privilege in order to state a claim.

■ Appellants also sufficiently pleaded that the publication caused shame and humiliation to them. Respondent claims appellants pleaded only a legal conclusion and no facts on this element. This court disagrees. Appellants pleaded that respondent put their names on a list headed "no checks"; that respondent intended to communicate to the community that respondent believed that appellants wrote bad checks; and that appellants suffered shame and humiliation from this publication. These pleadings are statements of ultimate fact and not legal conclusions.

The first real issue is whether appellants adequately pleaded that respondent made a statement about a private matter. The pleading alleges that respondent intended the statement "no checks" to communicate a belief of respondent. Respondent argues that the published statement must be of a private fact and the petition only alleges a statement of an opinion.

Appellants do not allege respondent put up a sign that simply said, "I believe Colonel and Mrs. Mason are dishonest." This kind of general statement would not be an invasion of privacy. Such a sign does not publicize a specific detail of appellants' lives.

Rather, appellants allege respondent's "no checks" sign made a statement about the quality of appellants' checks. Regardless of whether appellants pleaded that the "no checks" sign was a statement of fact or

respondent's opinion, the petition alleged respondent through its sign made a public derogatory statement about a detail of appellants' lives. The sign interfered with appellants' right to be let alone. In light of the liberal interpretation to be given pleadings, appellants' petition sufficiently alleges publication about a private detail of appellants' lives.

Respondent argues, though, that appellants' petition fails because no allegation specifically states that the quality of appellants' checks is a private matter. It is well recognized that one's financial dealings are a type of private matter that invasion of privacy actions were designed to protect. *See, Biederman's of Springfield v. Wright, supra;* Annotation, 14 A.L.R.2d 750, 770 § 19 (1950). It can be inferred that the quality of appellants' checks is a private matter in which the public has no reasonable interest.

Appellants' petition was not an example of masterful pleading. However, under the liberal construction to be accorded pleadings, the petition stated sufficient facts to establish that appellants had grounds for relief. *Burckhardt v. General American Life Insurance Co., supra.* The trial court therefore erred in granting the motion to dismiss.

The judgment is reversed and the cause remanded.

REINHARD, P.J., and CRIST, J., concur.