Harry SWANGER, Plaintiff-Appellant,

v.

NATIONAL JUVENILE LAW CENTER,
et al., Defendants-Respondents.

No. 50817.

Missouri Court of Appeals,
Eastern District,
Division Four.

June 24, 1986.

Mazur, Raben, Breece, Frankel, Kaiser & Jones, Leonard J. Frankel, St. Louis, for plaintiff-appellant.

Evans & Dixon, Eugene K. Buckley, Gerre S. Langton, St. Louis, for defendants-respondents.

PUDLOWSKI, Judge.

Harry F. Swanger appeals the trial court's dismissal of his petition for failure to state a claim in an action arising from his allegedly wrongful discharge as Executive Director of the National Juvenile Law Center. We affirm.

On April 2, 1984, the Board of Directors of the National Juvenile Law Center passed a motion to discharge the appellant "for cause," effective April 6, 1984. Thereafter, the appellant filed a three count petition against the Center and six members of its Board of Directors: Allan Stewart, Michael Wolff, Monsignor John Shocklee, Paul Piersma, David Howard, and Marcia Toler.

In his first count, the appellant alleged the existence of an employment contract

and a breach of that contract. For relief, he sought $53,482.32 in damages and reinstatement as executive director.

In the second count of his petition, the appellant sought a declaratory judgment that the directors of the Center acted without lawful authority when they discharged the appellant because of three alleged irregularities. First, the Board of Directors lacked a quorum of six directors when it adopted a motion to discharge the appellant on April 2, 1984. Second, Paul Piersma and David Howard, who assented in the appellant's discharge, were not duly elected members of the Center's Board of Directors. Third, the assent by Monsignor Shocklee in the appellant's discharge was improper because it was by telephone and not in writing as required by the Center's bylaws.

In his third count, the appellant pleaded a prima facie tort. He brought this count against Stewart, Wolff, Shocklee, Piersma, Howard, and Toler as individuals and not as members of the Center's Board of Directors. The appellant averred that his discharge, "even if otherwise lawful, was willful, wanton, malicious, and in reckless disregard of [his] rights, and manifested an intent to injure [him], and was without justification." Under this count, he sought actual damages of $100,000 and punitive damages of $250,000.

On July 10, 1984, the respondents, the Center and the six directors, filed a joint motion to dismiss the appellant's petition for failure to state a cause of action. On October 15, 1984, the trial court sustained the respondents' motion and dismissed all three counts of the appellant's action.

On appeal, the appellant challenges the trial court's dismissal of each count in his petition for failure to state a claim. In our review, we construe the appellant's petition favorably and give him the benefit of all the inferences fairly deducible from the facts stated. *Mason v. Williams Discount Center, Inc.*, 639 S.W.2d 836, 838 (Mo.App. 1982). If the allegations invoke principles of substantive law entitling the appellant to relief, his petition should not have been dismissed. *Heitman v. Brown Group, Inc.*, 638 S.W.2d 316, 318 (Mo.App.1982).

In his first point, the appellant contends the trial court erred in sustaining the respondents' motion to dismiss as to Count I of his petition which alleged a breach of contract. He argues that the authority of the Board of Directors to remove him was limited by Article IV, § 2 of the Center's bylaws which provides that the Board can dismiss the executive director "with cause, at any time." The appellant suggests that this provision created a contract between the Center and him which the Center breached when it removed him from his position as executive director without sufficient "cause." *See State ex rel. Willman v. St. Joseph Hospital*, 684 S.W.2d 408, 410 (Mo.App.1984) (assuming but not holding that bylaws are a contract); *Arie v. Intertherm, Inc.*, 648 S.W.2d 142, 153 (Mo.App. 1983) (handbook containing employer's policy statements and its rules of employment creates contractual rights in the employee); and *Enyeart v. Shelter Mutual Insurance Co.*, 693 S.W.2d 120, 123 (Mo.App.1985) (employer contractually bound to abide by its published employment policies distributed to employees). Therefore, the appellant contends that the question whether his termination was with sufficient "cause" or not created an issue for the jury to decide. We disagree.

■■■ The National Juvenile Law Center is organized under the Missouri Not for Profit Corporation Law, Chapter 355, RSMo 1978. The Law authorizes a not for profit corporation to promulgate bylaws for the administration and regulation of its affairs. § 355.090(12), RSMo 1978. A not for profit corporation's bylaws may contain any provision for its management so long as the provision is not inconsistent with the laws of this state or its articles of incorporation. *Id.;* § 355.100, RSMo 1978. If a bylaw contains a provision that is inconsistent with this state's law, it is void and of no force and effect. *Burnett v. Barnes*, 546 S.W.2d 744, 748 (Mo.App.1977). Indeed, a corporation's bylaw if repugnant to a statute must give way to the statute's superior

authority. *Triplett v. Grundy Electric Cooperative*, 389 S.W.2d 401, 406 (Mo.App. 1965). *See also Howe v. Washington Land Yacht Harbor, Inc.*, 77 Wash.2d 73, 459 P.2d 798, 805 (1969); *Been v. Producers Association of San Antonio, Inc.*, 352 S.W.2d 292, 293–294 (Tex.Civ.App.1961).

In the present case, the dismissal "with cause" provision of Article IV, § 2 of the Center's bylaws is void and of no force and effect because it conflicts with those sections of the Not for Profit Corporation Law which vest the Center's management in its Board of Directors. Section 355.130, RSMo 1978, states that "[t]he affairs of a corporation shall be managed by a board of directors." Section 355.165, RSMo 1978, also provides that any officer elected or appointed may be removed by the persons authorized to elect or appoint the officer whenever in their judgment the best interests of the corporation will be served thereby. Under Article IV, § 2 of the Center's bylaws, the Board of Directors has the authority to employ and remove the Center's executive director.

The "with cause" provision of Article IV, § 2 conflicts with § 355.130 and § 355.165, RSMo 1978, because it undermines the broad discretion vested by the Not for Profit Corporation Law in the Board of Directors to manage the Center's affairs. If we accepted the appellant's argument, the trier of fact and not the Center's Board of Directors would become the ultimate authority in the Center's employee-related matters. Indeed, if the Board could only dismiss the appellant "with cause," and if the appellant would then have a right to have a jury determine whether the Board was justified in removing him, the Board's broad discretion to manage the Center would be supplanted by a judicial invasion into the Center's management decisions. No longer would the Center's affairs be guided solely by the Board's judgment of what would be in the Center's best interest.

Because the dismissal "with cause" language in Article IV, § 2 of the Center's bylaws is contrary to the provisions of § 355.130 and § 355.165, RSMo 1978, we

hold it void and of no force and effect. *Burnett*, 546 S.W.2d at 748. Accordingly, we need not address the question whether corporate bylaws create contractual rights in a corporation's employees. Since the provision of the Center's bylaws upon which the appellant's breach of contract claim rests is a nullity, the trial court did not err in dismissing Count I of the appellant's petition. The appellant's first point is denied.

In his second point, the appellant challenges the trial court's dismissal of Count II of his petition which seeks a declaratory judgment that directors Stewart, Wolff, Howard, Piersma, Toler, and Shocklee acted without authority in removing the appellant as executive director. He contends his removal was the result of the following irregularities: (1) the Board lacked a quorum when it adopted a motion to remove the appellant; (2) directors Piersma and Howard were not duly elected; and (3) Monsignor Shocklee's assent in the appellant's removal was improper because it was not in writing as required by Article II, § 6 of the Center's bylaws.

In the present case, the appellant lacks standing to contest the Board's action according to the Missouri Not for Profit Corporation Law. Section 355.095, RSMo 1978, states that no act of a corporation shall be invalid because the corporation was without the capacity or power to do such an act. Section 355.095 also provides that the corporation's lack of capacity may be challenged in the following ways: (1) by a member or a director; (2) by the corporation, directly or through a receiver, a trustee, or other legal representative, or through its members in a representative suit; or (3) in a proceeding brought by the state. Because the appellant does not fall within one of these three categories established by statute, he is not a proper party to contest the validity of the Board's authority to remove him. *Brooks v. Pool-Leffler*, 636 S.W.2d 113, 117 (Mo.App.1982). Nor may he challenge the Board's exercise of corporate power in a collateral proceeding as a private suitor. *See Parvey v.*

*Humane Society of Missouri,* 343 S.W.2d 678, 680–681 (Mo.App.1961); *State ex rel. State Highway Commission v. Chicago, Burlington and Quincy Railroad Company,* 539 S.W.2d 760, 764 (Mo.App.1976). The appellant's second point is denied.

In his third and final point, the appellant contests the trial court's dismissal of Count III of his petition, a claim alleging prima facie tort. Since the appellant lacks the benefit of a written employment contract and the removal "with cause" provision of the Center's bylaws is void and of no effect, he is an employee at will. As such, the appellant cannot bring an action for wrongful discharge within the ambit of the prima facie tort doctrine. *Dake v. Tuell,* 687 S.W.2d 191, 193 (Mo. banc 1985). The appellant's third point is denied.

The trial court's judgment dismissing the appellant's petition is affirmed.

CRANDALL, P.J., concurs.

SATZ, J., concurs in result.