Chester BOEKE, et al.,
Plaintiffs-Appellants,

v.

Eddy WILLIAMS, et al.,
Defendants-Respondents.

No. 51220.

Missouri Court of Appeals,
Eastern District,
Division Two.

Dec. 23, 1986.

James Michael Asher, Clayton, for plaintiffs-appellants.

Steven Jones, St. Louis, for defendants-respondents.

SMITH, Presiding Judge.

Plaintiffs appeal from the order of the trial court dismissing their first amended petition based upon invasion of privacy. We affirm.

Both plaintiffs allege that Eddy Williams, Chief of Police of Overland, had his department conduct a "background inquiry" of plaintiffs. Both plaintiffs were members of the Overland police advisory board. This background inquiry revealed that both plaintiffs had been arrested previously but no charges or convictions had resulted therefrom. The petition does not allege where the arrests occurred or from what source or police department the information was obtained. Plaintiffs then allege: "Either intentionally or negligently, the above-described alleged police record was either disseminated to the public or allowed to be disseminated to the public...." This dissemination allegedly oc-

curred in two ways. First was by an anonymous letter entitled "Attention Citizens of Overland" which "was distributed throughout the City of Overland...." Secondly, the anonymous letter was discussed at a regular open meeting of the Overland City Council in which Williams and defendant Healy, an alderman, participated. There are no specific allegations that either Williams or Healy personally disseminated the information to the anonymous letter writer, that either was responsible for the anonymous letter, or that either disseminated the information to anyone prior to the council meeting. In paragraphs to establish punitive damages plaintiffs alleged "the release of plaintiff's ... arrest record by the defendant was intentionally done or done in gross and wanton negligent disregard...." The paragraph does not indicate which of the releases alleged earlier is referred to nor does the paragraph allege any acts committed by defendant Williams constituting a release i.e. publication. The plaintiffs also sought relief against the City of Overland on a basis of respondeat superior as a result of the actions of Williams and Healy. In the five count petition Plaintiff Boeke sought relief against Williams and Overland; Brown sought relief against all three defendants.

■ We find it unnecessary to discuss the issues of sovereign immunity, governmental immunity, official immunity and legislative immunity which both parties have briefed. The elements of the branch of the tort of invasion of privacy before us are (1) publication, (2) absence of waiver or privilege, (3) of private matters in which the public has no legitimate concern, (4) such as to bring shame or humiliation to a person of ordinary sensibilities. *Mason v. Williams Discount Center, Inc.,* 639 S.W.2d 836 (Mo.App.1982) [6]; *Corcoran v. Southwestern Bell Telephone Company,* 572 S.W.2d 212 (Mo.App.1978) [3].

Plaintiffs have failed to allege that defendants published anything about them. The disclosure of plaintiffs' arrest records was made throughout the City of Overland by some anonymous letter writer. There is no allegation that either defendant was responsible for that publication. The closest plaintiffs come to an allegation of publication by defendants is through the innuendo that information concerning arrests obtained by defendant Williams was also obtained by an anonymous person who wrote a letter. There are no allegations that Williams made any oral or written publication of the arrests or that if he did the number or nature of the person or persons to whom such publication was made. Even observing the liberal reading of the petition which we must accord on a motion to dismiss, the petition is not sufficient to state a cause of action for invasion of privacy. *Biederman's of Springfield, Inc. v. Wright,* 322 S.W.2d 892 (Mo.1959).

■ At the time of the council meeting the arrests were no longer private matters. They were in the public domain and in view of the letter, which challenged the mayor's appointment of the plaintiffs to the police advisory board, were a matter of legitimate concern in the politics of the city.[1] The discussions at the council meeting were not at that point a publication of private matters.

Judgment affirmed.

DOWD and REINHARD, JJ., concur.

---

1. Whether the arrests should have any impact on those appointments or whether such information should have been available to Williams in view of Sec. 610.120 RSMo Cum.Supp.1984 is not before us. We are here concerned with the publication of this material, not its acquisition by Williams.