WILLIAM BURTON, Appellant, v. ARLIE DRENNAN.—58 S. W. (2d) 740.

Division One, March 16, 1933.

*DeArmond & Maxey* and *Howell H. Heck* for appellant.

*Silvers & Sheppard* for respondent.

ATWOOD, J.—William Burton sued W. W. Sunderwirth and Arlie Drennan for false imprisonment. Defendants filed separate demurrers to plaintiff's second amended petition. These demurrers were sustained and plaintiff, declining to plead further, has appealed from the judgment entered thereon. After the appeal was lodged here appellant and respondent Sunderwirth stipulated that the cause be dismissed as to the said Sunderwirth only, and dismissal was entered accordingly.

The grounds of defendant Drennan's demurrer were as follows:

"1. That several causes of action have been improperly united.

"2. That the petition does not state facts sufficient to constitute a cause of action."

The fundamental object of a demurrer is to determine whether or not the pleading states a cause of action or defense. [21 R. C. L. p. 504, sec. 69, n. 14.] Therefore, first testing the petition by the second stated ground, we find that it alleged, among other things, that defendants "on said 2nd day of August, 1929, while trespassers on his property and without any warrant or authority of law for so doing by force compelled this plaintiff to go with them to the Bates County jail, to which building defendant, Arlie Drennan, had or assumed the right of ingress or egress, and did then and there imprison and restrain this plaintiff of his liberty, forcibly placing him inside of said jail and locking the doors thereof so that this plaintiff could not secure his liberty and did there detain him and restrain him of his liberty, without any warrant or authority of law for so doing, for the space of about 16 hours;" that while defendants kept plaintiff so confined and deprived of his liberty they advised him "that he was charged with a violation of the laws of this State and that under a new law he was liable to imprisonment in the State penitentiary for a period of from two to eight years and to a fine of about $600, and that if he did not fix it up that they would take him before the judge of the circuit court and that said judge would sentence him from two to eight years in the penitentiary and would in addition thereto fine him about $600;" that said statements and averments coming from and made by "the prosecuting attorney, W. W. Sunderwirth, and a deputy sheriff, Arlie Drennan, were believed and relied on by this plaintiff and inspired him with fear of the loss of his liberty and the disgrace of a term in the penitentiary and the fear of being deprived of his property and he, this plaintiff, requested permission to see and confer with an attorney in order to ascertain his rights but that these defendants denied that right and would not permit him to see or confer with an attorney, and plaintiff says that he requested these defendants to grant him permission to consult a lawyer in order that he might make arrangements to give a bond for an appearance at any time required and this request was

also, by these defendants, refused and he was denied the right to see said attorney for such purpose." Plaintiff's petition further alleged that defendants thereafter took him before a justice of the peace where induced by fear, duress and restraint he "fixed up" the matter by executing and delivering his check for $217 to respondent who cashed the same, although plaintiff was not guilty of the violation of any law of this State. Plaintiff further alleged that all of said acts were "unlawful, illegal and wilfully and maliciously done," and prayed judgment for both actual and punitive damages in the sum of $5000 each.

Respondent states only two points in support of the trial court's action in sustaining his demurrer. The first is that no substantive facts were pleaded to show that the arrest and confinement in jail were illegal, respondent contending that the clause in the petition "without any warrant or authority of law" merely stated a conclusion of the pleader.

█ False imprisonment is defined in 11 R. C. L. p. 791, sec. 2, as "the direct restraint by one person of the physical liberty of another without adequate legal justification." [See also Hanser v. Bieber, 271 Mo. 326, 335, 197 S. W. 68.] The essence of the tort consists in depriving the plaintiff of his liberty without legal justification. [McCaskey v. Garrett, 91 Mo. App. 354, 359.] "The plaintiff's grievance is the use against him of force, actual or threatened. Consequently, in the common law procedure, the action must be brought in trespass." [11 R. C. L. p. 792.] █ The petition in an action for false imprisonment must, in accordance with common law rules or the requirements of the codes and practice acts, contain an allegation of the facts constituting the essential elements of the cause of action, and facts as distinguished from conclusions must be alleged. [25 C. J. p. 530, sec. 123.] Respondent apparently concedes the sufficiency of the allegations of the petition in all respects except as to the unlawfulness of the alleged imprisonment, which element he says is pleaded in the form of conclusions as distinguished from requisite facts. █ If plaintiff had merely alleged that the imprisonment complained of was unlawful or illegal there would be some ground for respondent's contention (25 C. J. p. 530, sec. 123, n. 62 (b)), but we think the allegation in the petition that it was "without any warrant" was plainly an allegation of fact, meaning that the arrest and imprisonment were without process, and properly pleaded that the imprisonment was unlawful.

█ Respondent suggests that the petition fails to state the nonexistence of circumstances under which plaintiff might have been arrested without a warrant. If such circumstances existed they constituted matter of affirmative defense which defendant and not plaintiff was bound to plead. [Pandjiris v. Hartman, 196 Mo. 539, 548, 94 S. W. 270; 25 C. J. pp. 531, 535, n. 44.]

516

■ Respondent's second point is that under Section 8526, Revised Statutes 1929, the sheriff, who is not a party to this action, has custody of all prisoners in jail. To constitute imprisonment in the sense in which the word is here used, it is not necessary that there should be confinement in a jail or prison. "Any exercise of force, or express or implied threat of force, by which in fact the other person is deprived of his liberty, compelled to remain where he does not wish to remain, or to go where he does not wish to go, is an imprisonment." [11 R. C. L. p. 793, sec. 5, n. 16.] Nevertheless, plaintiff alleged in his petition that defendants without any warrant by force compelled him to go with them to jail where they imprisoned and restrained him of his liberty, "forcibly placing him inside of said jail and locking the doors thereof" so that he could not secure his liberty. We think the petition sufficiently stated a cause of action for false imprisonment. It matters not that plaintiff may have been in the custody of some one else after he was lodged in jail, or that another person or persons might also have been sued. [11 R. C. L. p. 818, sec. 32, n. 3.]

■ ■ This brings us to a consideration of the ground of demurrer first alleged, to-wit, that in the petition "several causes of action have been improperly united." Appellant suggests that this attack should have been by motion to strike out and not by demurrer, citing Merriam v. Star-Chronicle Pub. Co. (Mo. App.), 29 S. W. (2d) 201, 203, and cases therein mentioned. In the Merriam case defendant's demurrer was "based upon the sole ground that plaintiff had improperly joined five separate causes of action in her petition." It appears that the thing there complained of was the commingling in one count of matters that might have been properly united in a petition by different counts. In the instant case it does not appear that the defendant was striking at any such situation. This ground of demurrer is stated in the exact language of the fifth cause for which a defendant may demur, set forth in Section 770, Revised Statutes 1929. It is apparently aimed at matters that cannot be united at all in the same petition. However, counsel for respondent do not indicate what causes of action they deem have been thus improperly united. If any cause of action other than false imprisonment is stated in the petition it is apparently that of malicious prosecution, but both may be properly united in the same suit. [Hanser v. Bieber, 271 Mo. 326, 338, 197 S. W. 68; Rosendale v. Market Square Dry Goods Co. (Mo. App.), 213 S. W. 169, 171; 11 R. C. L. p. 791, sec. 2, n. 9.]

The trial court having erred in sustaining the demurrer to the petition the judgment is reversed and the cause remanded for further proceedings not inconsistent herewith. All concur.