McCoy, a Minor, Appellant, *v.* Baer, Appellee.

(No. 5211—Decided March 17, 1955.)

*Mr. W. S. Lyman* and *Mr. Webster S. Lyman, Jr.,* for appellant.

*Mr. Noel L. Greenlee,* for appellee.

HORNBECK, J. This is an appeal from a judgment dismissing appellant's second amended petition after the sustaining of a general demurrer thereto.

A demurrer had been sustained to the first petition, the entry reciting: "Sustained *in toto* for the reasons fully and adequately stated in memoranda of counsel for said defendant."

In sustaining the demurrer to the amended petition, the court adhered to its former ruling and said, "Since the second amended petition realleges the same averments of the amended petition, and both pleadings are based on the claim that defendant "did unlawfully order and procure the arrest of plaintiff * * *."

The subject matter of the second amended petition, material to the demurrer, is:

"Plaintiff * * * says that * * * defendant did *unlawfully* order and *procure* the *arrest of plaintiff* by *the police of Columbus, Ohio, without warrant of law or any lawful process of any court* or tribunal, *forcibly and against* the *will* of *plaintiff and without reasonable* or *probable cause,* in the presence of divers and sundry good people; *that plaintiff was confined in the city prison* * * * deprived of her liberty for about two hours before being exonerated from said false charges." (Emphasis ours.)

It is urged that the petition is demurrable because it asserts "conclusions of fact" only. It is asserted that the petition does not negative the right of the arresting officer to make the arrest of plaintiff without a warrant.

In 2 Bate's New Pleading, Practice, Parties and Forms (3 Ed.), 1682, in discussing essential charges in false imprisonment, it is said that a charge that an arrest was made "without warrant and without authority of law" is sufficient. Citing *Craven* v. *Bloomingdale,* 66 N. Y. Supp., 525, 54 App. Div., 266. See, also, *Burton* v. *Drennan,* 332 Mo., 512, 58 S. W. (2d), 740; and, in *Spice & Son* v. *Steinruck,* 14 Ohio St., 213, the court held that a charge that the defendant unlawfully arrested or procured the arrest of plaintiff states a fact and not a conclusion of law. In *Drinkwater* v. *Jones,* 13 C. C., 489, 7 C. D., 173, where the defendant went to trial, was convicted and the conviction was affirmed in the Circuit Court, the charge was that the defendant falsely imprisoned the plaintiff, and it was held that

it was supported by proof that the arrest was made by a constable at the instigation of defendant.

The petition in the *Drinkwater case* was much shorter than the one here under consideration. It merely stated that the defendant imprisoned plaintiff and deprived her of her liberty for the space of seven days, unlawfully and with force, on a pretended charge of larceny. The court held that although it was exceedingly brief, it fulfilled the requirements of the Code and was substantially in the form of a petition found in *Truesdell v. Combs*, 33 Ohio St., 186. The appellant says that the second amended petition is like form 41-27 from Baldwin's Ohio Civil Manual (6 Ed.), which we have examined. Of course, this is not authority, but it is prepared by an eminent lawyer It is much shorter than the second amended petition here, but contains no essential averments not found in plaintiff's petition. The appellee cites *Parker* v. *Roddy*, 14 C. C. (N. S.), 288, 24 C. D. (N. S.), 89, and *Pepera* v. *Weidely Co.*, 26 Ohio Law Abs., 697, 4 Ohio Supp., 202. In both of these cases it appeared that the defendant had not personally or directly participated in the arrest and imprisonment of the plaintiff. In the instant case there is an express averment that the defendant unlawfully ordered and procured the arrest of the plaintiff.

If it is necessary that the plaintiff allege that no offense was committed which would justify the arrest of plaintiff without a warrant, which we do not hold, we are of the opinion that she has met this requirement by the averment not only that the arrest was made without warrant or any legal process but without reasonable or probable cause. There is no statutory authority for the arrest of plaintiff without a warrant unless reasonable or probable cause for such arrest appears. Plaintiff is not bound to anticipate and negative facts which may constitute a defense to his cause of action. 35 Corpus Juris Secundum, 579. For the simple elements of false imprisonment and the essentials of proof, see *Brinkman* v. *Drolesbaugh*, 97 Ohio St., 171, 119 N. E., 451, 6 L. R. A. 1918F, 1132.

The italicized portions of the second amended petition, in our judgment, were sufficient to state a cause of action as against a general demurrer; indeed, there may be more averments than would be required. It is recognized that upon such

demurrer every presumption must be indulged in favor of the pleader.

Several phrases of the second amended petition are set out by the appellee in his brief, which, it is insisted, were nothing more than "conclusions of fact." The first is, defendant "did unlawfully order and procure the arrest of plaintiff."

How could this charge have been made more definite without pleading the evidence to support it?

The second is, defendant unlawfully ordered and procured the arrest "without warrant of law or any lawful process." That is an averment of fact, as are the phrases, "forcibly and against the will of plaintiff," and, "without reasonable or probable cause." The latter allegation is not a conclusion, but an averment of an ultimate fact. *Seaboard Oil Co.* v. *Cunningham*, 51 F. (2d), 321.

The appellee comments on 22 American Jurisprudence, 419, Section 102, which says, "* * * the plaintiff must allege that the imprisonment was wrongful or unlawful, *or* facts or circumstances showing the unlawfulness thereof * * *." (Emphasis supplied.) The plaintiff here has met this alternative requirement.

It is asserted that the plaintiff at no place alleges that her arrest or detention was wrongful or unlawful. We cannot agree. She says that the defendant unlawfully procured her arrest, that she was arrested without warrant or other legal process and that there was no reasonable or probable cause for the arrest. She has met the requirements of pleading in this type of action.

It has been held in Ohio that want of a probable cause need not be averred, *Spice & Son* v. *Steinruck, supra*; *Diehl* v. *Friester*, 37 Ohio St., 473, 475; and it has also been said that, imprisonment being presumed wrongful, it is not necessary, by the weight of authority, to aver it, 2 Bate's New Pleading, Practice, Parties and Forms (3 Ed.), 1682. We believe that the averment by plaintiff of want of probable cause is helpful, as we have heretofore indicated, and may be required as a basis for punitive damages.

This court has found that a petition much like the second amended petition here stated a cause of action. *Lehman* v.

278

*Harvey*, 45 Ohio App., 215, 187 N. E., 28, the fifth paragraph of the syllabus. (Petition in error dismissed, 127 Ohio St., 159, 187 N. E., 201.)

The second amended petition was good as against general demurrer.

The second assignment of error, "that the trial court erred in preventing appellant from prosecuting her case before a jury," needs no consideration because it is immaterial in view of our holding as to the action of the court in sustaining the demurrer to the second amended petition.

The judgment is reversed and the cause remanded with instructions to overrule the demurrer of defendant to plaintiff's second amended petition.

*Judgment reversed.*

MILLER, P. J., and WISEMAN, J., concur.