Jack E. **STURGEON**, Plaintiff-Appellant,

v.

Arnold **HOLTAN** et al., Defendants-Respondents.

No. 56604.

Supreme Court of Missouri,
Division No. 1.

Nov. 13, 1972.

———◆———

Clancy D. Tull, Kansas City, for plaintiff-appellant.

Don B. Roberson and James Morris, Kansas City, for respondents; Shughart, Thomson & Kilroy, Kansas City, of counsel.

LAURANCE M. HYDE, Special Commissioner.

Action for damages: first Count asking $100,000 actual and $100,000 punitive damages for false arrest; second Count $100,000 actual and $100,000 punitive damages for libel. The trial court entered a judgment of dismissal and plaintiff has appealed. We have jurisdiction because notice of appeal was filed in this court on February 22, 1971, Art. V, § 3, Missouri Constitution V.A.M.S., as amended in 1970.

Plaintiff's petition, Count I, alleged defendants, the mayor, city administrator, alderman and three policemen of the City of Grandview caused and instigated him to be restrained on the public sidewalk and street in front of the City Hall, where he had been in attendance at a meeting of the Board of Aldermen; and caused him to be led into the police offices in the City Hall and restrained without a warrant. Plaintiff alleged that after verbal abuse he was released without any charges being filed against him. Count II libel was based on allegations that defendants knew newspaper reporters were present and that by acting as stated in Count I they instigated publicity detrimental to plaintiff which appeared in articles written about plaintiff and which were libelous.

Plaintiff's petition alleged in Count I that in doing the complained of acts defendants each were "acting in their official capacities, and each of them acting beyond their official capacities, and acting as individuals, and each of them using their official capacities, and each of them acting beyond their official capacities, and each of them acting individually, and separately, and jointly, and together, and each of them acting deliberately, and intentionally, and maliciously, and intending to injure plaintiff in his good name, business, and reputation, and with the further intention of falsely arresting and imprisoning plaintiff, without a warrant * * * caused and instigated" his arrest, and "caused and instigated him to be conducted and led into the police offices." The court dismissed plaintiff's petition for failure to state a cause of action, ruling: "It is impossible for the acts complained of to be done both within and beyond the official capacity of the defendants."

■ Plaintiff calls this action "false arrest." "However, a person who is falsely arrested is at the same time falsely imprisoned, and an unlawful arrest may give rise to a cause of action for either false arrest or false imprisonment." 32 Am.Jur. 2d, False Imprisonment, § 4, p. 75. "Where one is properly arrested by lawful authority, even though without a warrant, an action for false imprisonment cannot be maintained." 32 Am.Jur.2d, False Imprisonment, §

18, p. 87; 32 Am.Jur.2d, § 76, p. 137; Restatement of Torts 2d, § 118 comment b, see also § 35. Nevertheless we cannot consider the decisive factor to be whether defendants were acting in an official capacity in arresting or causing the arrest of plaintiff. A private person is privileged to arrest another without a warrant for the causes stated in § 119 Restatement of Torts 2d including a breach of the peace in his presence and an officer is privileged to arrest without a warrant for these causes stated in § 119 and also for the causes stated in § 121. See Reaves v. Rieger, Mo.App., 241 S.W.2d 389, 396, for a case holding no liability of a private person causing an arrest to be made. The issue in false arrest is not the official capacity of the person causing the arrest but instead whether there was lawful authority for his action in making or causing the arrest. "Peace officers have no right to arrest simply by virtue of their office; their justification must depend on the fact that the arrest was made under circumstances warranted by law or on the issuance of valid process." 35 C.J.S. False Imprisonment § 22, p. 649.

Defendants say that plaintiff has pleaded only legal conclusions saying "the allegation that defendants' acts are within their respective official capacities and beyond their respective capacities is but a conclusion." However, there is more to plaintiff's petition than these apparently contradictory allegations. Defendants cite Jones v. Van Bever, 164 Ky. 80, 174 S.W. 795, an action against a sheriff only for an arrest made by his deputies which was not made for any violation of the laws of Kentucky. It was said: "The allegation that the arrests were made by the deputies in their official capacities is a mere legal conclusion * * * and adds nothing to the petition" (l. c. 796). The sheriff was held not liable for the acts of his deputies because the arrest was not made "in an attempt to serve or execute a writ or process, * * * or in acting under a statute giving him the right to arrest without a warrant" (l. c. 801). Actually the deputies were not acting under any authority of the sheriff but were at-

tempting to deliver the plaintiff to another state. Plaintiff herein alleged that defendants "caused and instigated" his arrest. This has been held to be a sufficient allegation to state a claim for liability for false arrest. See Knupp v. Esslinger, Mo.App., 363 S.W.2d 210, 213; Gerald v. Caterers, Inc., Mo.App., 382 S.W.2d 740, 744; Snider v. Wimberly, 357 Mo. 491, 209 S.W.2d 239, 241 and cases cited. Considering the whole petition plaintiff herein is really claiming defendants were acting beyond their legal authority in causing and making his arrest whether acting in their official capacities as public officers or otherwise.

■ False imprisonment is defined in Burton v. Drennan, 332 Mo. 512, 58 S.W. 2d 740, 741 as " 'the direct restraint by one person of the physical liberty of another without adequate legal justification' "; and it is said "[t]he essence of the tort consists in depriving the plaintiff of his liberty without legal justification." Defendants in that case were public officers, sheriff and prosecuting attorney. There, as here, defendants claimed the unlawfulness of the imprisonment "is pleaded in the form of conclusions as distinguished from requisite facts." We held the allegation that it was "without any warrant" a sufficient allegation of fact. Therefore, we cannot hold that plaintiff did not state a case of false arrest because of his allegations concerning defendants acting in their official capacities when it is also alleged they were acting beyond their official capacities as individuals without color of right. All these allegations amount to a claim that defendants instigated and caused his arrest without any justification for it. Although inartfully drawn we hold Count I of plaintiff's petition sufficient to state a claim for false arrest or false imprisonment.

■ However, we must hold the trial court properly dismissed Count II for libel because it is not alleged that defendants published, participated in publishing anything, or sought any publication. "One who in no way participates in the publica-

tion of a defamatory statement may not be held liable, even though his act encourages the spreading of defamatory imputations." 50 Am.Jur.2d, Libel and Slander, § 321, p. 843. Plaintiff says he pleaded respondents caused and instigated his false arrest, or detention against his will, without warrant or cause, and knew reporters for the local papers were present and would report in the local papers the detaining of appellant against his will, and respondents further knew appellant was a local businessman; "* * * and recklessly, deliberately, intentionally, falsely, and maliciously, caused and instigated publicity detrimental to the plaintiff, * * *." Thus plaintiff claims no more than that defendants' acts caused the incident about which newspaper reporters wrote articles spreading defamatory imputations about his arrest. This is not sufficient to make a case of libel against defendants.

The judgment of dismissal of Count II is affirmed; the judgment of dismissal of Count I is reversed and remanded.

PER CURIAM:

The foregoing opinion by LAURANCE M. HYDE, Special Commissioner, is adopted as the opinion of the court.

All of the Judges concur.