Katie Lee SMITH, Appellant,

v.

J. Joseph LEWIS, County Director,
Division of Family Services, et al.,
Respondents.

No. WD 34058.

Missouri Court of Appeals,
Western District.

Oct. 4, 1983.

Motion for Rehearing and/or Transfer to
Supreme Court Overruled and Denied
Nov. 29, 1983.

Application to Transfer Sustained,
Jan. 17, 1984.

Case Retransferred May 16, 1984.

Court of Appeals Opinion Readopted
May 23, 1984.

Arthur A. Benson, II, Susan Goering, Kansas City, for appellant.

Russell D. Jacobson, Kansas City, Legal Counsel, County Counselor's Office, for James Doe & Nancy Roe and Jackson County Prosecuting Attorney.

Scott A. Woodruff, Asst. Atty. Gen., Jefferson City, for respondent J. Joseph Lewis.

Jaci L. Morgan, Kansas City, Legal Counsel, Court Administrator's Office, for Austin Van Buskirk.

Before CLARK, P.J., and PRITCHARD and LOWENSTEIN, JJ.

CLARK, Judge.

This case presents the issue of whether a petition filed by appellant Katie Lee Smith for false imprisonment states a cause of action sufficient to withstand a motion to dismiss. The trial court held it did not and ordered the cause dismissed as to all defendants. We reverse and remand the case for further proceedings.

Certain facts were conceded to be undisputed and other facts are assumed to be true for purposes of this opinion under principles applicable to review of a ruling by the trial court on a motion to dismiss for failure to state a claim. *Concerned Parents v. Caruthersville School Dist. 18*, 548 S.W.2d 554, 558 (Mo. banc 1977).

On July 10, 1981, at the instigation of the Missouri Division of Family Services by formal complaint, a warrant issued out of the associate circuit division of the Circuit Court of Jackson County for the arrest of Smith. The charge was welfare fraud. Thereafter, Smith surrendered, entered a plea of guilty and was sentenced. The date of sentencing was July 30, 1981.

On November 17, 1981, Smith was arrested at her place of employment in Johnson County, Kansas under the purported authority of the same warrant which had issued under the original charge the previous July. For reasons and under circumstances which Smith contends she has not yet been able to discover, the disposition of the charge by her guilty plea and sentence did not result in recall or cancellation of the warrant, the consequence of which was her unlawful arrest by Johnson County authorities. Smith was taken to the Johnson County jail, she was extradited to Missouri and was released only after posting bond. Smith's brief suggests, and respondents do not deny, that the mistake was later discovered and the case was dismissed. The source of the November arrest as being the July warrant is confirmed by the copy of the warrant appearing in the record on appeal. Quite obviously, the warrant was functus officio when executed.

Defendants named in Smith's petition are J. Joseph Lewis, Jackson County Director of the Division of Family Services, Austin Van Buskirk, Jackson County Director of the Department of Judicial Records and various fictitious named persons who are employees of the Division of Family Services, the Department of Judicial Records and the Jackson County Prosecuting Attorney. Service of process in the case was accomplished only on defendants Lewis and Van Buskirk.

Additional allegations of the petition significant in disposition of certain aspects of this appeal are as follows:

"That the arrest and subsequent imprisonment of plaintiff were unlawful and against her will. That defendants, acting within the scope of their official responsibilities, procured or proximately caused the procurement of plaintiff's unlawful arrest and imprisonment * * *."

Motions to dismiss the petition were filed on behalf of Van Buskirk, Lewis and the "Prosecuting Attorney of Jackson County." The motions were sustained and the petition was dismissed. The content of the order suggests and the parties in their briefs assume the cause was dismissed in its entirety, not only as to the defendants Van Buskirk and Lewis who were served with process, but also as to the defendants designated only by fictitious names.

## DISMISSAL AS TO DEFENDANTS IDENTIFIED BY FICTITIOUS NAMES

In her first point, appellant complains that the trial court erred in dismissing the

case as to defendants shown only by fictitious names who, of necessity, had not been served with process. The defendants so designated were identified only as employees of the three public offices, prosecuting attorney, family services and court administrator. Appellant contends she cannot learn the true names of the persons in these three offices responsible for her arrest until she is provided discovery in the case and that the dismissal order will frustrate that discovery process.

The case as to defendant employees in the office of the prosecuting attorney differs somewhat in a procedural context and will be considered first. The record from the trial court shows no service or attempted service upon any agent or employee of the Prosecuting Attorney of Jackson County, the prosecutor himself being not named as a party. The motion to dismiss filed in the trial court, however was indicated to have been on behalf of the Prosecuting Attorney of Jackson County, Missouri. Upon inquiry at argument here, counsel indicated he was appearing on behalf of that office and interested employees.

■ Appellant's complaint that the trial court erred in dismissing her petition as to James Doe and Nancy Roe, Jackson County Prosecuting Attorney's Office, is valid. Counsel who presented the motion to the trial court actually represented no party before the court in the case and therefore had no standing to seek or obtain any relief. The same deficiency vitiates the briefing and argument from the same source on this appeal. There simply is no entity "Office of the Prosecuting Attorney" before the court and no real person associated with the office who stands to suffer any consequence by reason of maintenance of the action in its present form. The order of dismissal affecting employees of the prosecuting attorney designated by fictitious names was in error for want of interest in the litigation by the movant.

■ As to employees of the Division of Family Services and the Court Administrator who were similarly identified by ficti-

tious names, attorneys purporting to appear for these unknown parties were in a different position because they acquired standing through representation of Lewis and Van Buskirk, the officials in charge of the respective offices. For similar reasons, however, the order of dismissal as to these unknown defendants was also in error. We first of all note that the dismissal of defendants, employees of the court administrator, shown only by fictitious names was in error because no relief on their behalf was sought. Counsel appearing for Van Buskirk moved only for dismissal as to him. Apart from this, the dismissal of the case as to all fictitious named defendants in the offices of Lewis and Van Buskirk was in error because these unknown defendants do not at this time purport to be any identifiable persons, there has been no service of process or entry of appearance on their behalf, and hence, no issue ripe for adjudication. Whether or not the petition states a cause of action as to defendants who are not before the court presents no cognizable justiciable question.

The real question in the case to be addressed, if at all, at some future date is illustrated by *Maddux v. Gardner*, 239 Mo. App. 289, 192 S.W.2d 14 (1945) cited by appellant. In *Maddux*, suit for wrongful death was brought against the Chicago and Alton Railroad, John Doe, the engineer of the train which struck the deceased, and Richard Roe, the fireman. The petition was later sought to be amended to substitute the true name of the engineer when it became known to plaintiff. The statute of limitations had run when the substitution was attempted but not when the action had been commenced. The issue was whether the substitution constituted a new cause of action barred by the statute or a variation on the demand already at issue under the original petition. The court held the action commenced against "John Doe," the engineer, because the allegations of the time and place of the occurrence and the description of the train adequately informed the defendants at the outset who was the

real person conditionally designated by the fictitious name.

■ Without expressing any opinion as to the adequacy of the "John Doe" descriptions in the present case, we conclude that any issues as to defendants presently designated by fictitious names will not be appropriate for decision unless and until service of process is made on actual defendants in their stead. If at that time the statute of limitations or some other defense prompts appellant to seek some benefit from the commencement of suit under fictitious names, an issue not now cognizable will surface. It suffices for purposes of this appeal to conclude that appellant is entitled to retain in her petition allegations against unknown defendants designated by fictitious names.

## SUFFICIENCY OF PETITION ALLEGATIONS AS TO DEFENDANTS LEWIS AND VAN BUSKIRK

The order dismissing Lewis and Van Buskirk was responsive to motions which contended appellant's petition was deficient in failing to describe the acts or omissions of Lewis and Van Buskirk which brought about appellant's arrest. Appellant contends the trial court erred in sustaining the motion because her petition alleging only that these defendants procured or proximately caused her arrest was sufficient to state a cause of action.

■ In reviewing a petition dismissed for failure to state a claim, the appellate court construes the petition liberally and favorably and gives the plaintiff the benefit of all inferences fairly deducible from the facts stated. *Mason v. Williams Discount Center, Inc.,* 639 S.W.2d 836, 838 (Mo.App.1982). If the allegations invoke principles of substantive law entitling the plaintiff to relief, the petition is not to be dismissed. *Heitman v. Brown Group, Inc.,* 638 S.W.2d 316, 318 (Mo.App.1982).

■ The elements of a cause of action for false imprisonment are the detention or restraint of one against his will, and the

unlawfulness of such detention or restraint. Liability attaches where it be shown that the defendant instigated, caused or procured the arrest. *Richardson v. Empire Trust,* 230 Mo.App. 580, 94 S.W.2d 966 (1936). In passing upon the sufficiency of a petition for false imprisonment, no fixed set of rules can be laid down with which to measure acts constituting instigation of an arrest, but each case must be decided on the particular facts and inferences. *Knupp v. Esslinger,* 363 S.W.2d 210, 213 (Mo.App.1962). A pleader is required to state only the ultimate facts and it is not necessary to plead the facts or circumstances by which the ultimate facts will be established. *Scheibel v. Hillis,* 531 S.W.2d 285, 290 (Mo. banc 1976). If a petition does not set out the particulars of evidence which will prove ultimate facts, such imperfections are to be reached by a motion for more definite statement or a bill of particulars under § 509.310, RSMo 1978 and not by a motion to dismiss. *Fish v. Fish,* 307 S.W.2d 46, 51 (Mo.App.1957). See also *Fischer, Etc. v. Forrest T. Jones & Co.,* 586 S.W.2d 310 (Mo. banc 1979).

■ In the present case, appellant alleged that her arrest and imprisonment were unlawful and against her will and were procured or proximately caused by defendants. These allegations are sufficient to withstand a motion to dismiss because the basic elements of the cause of action are stated. The particulars of the event are matters for proof which cover a wide area of conduct and which may be shown by direct or circumstantial evidence. *Jarrett v. St. Francois County Finance Co.,* 185 S.W.2d 855, 859 (Mo.App.1945). The petition here is inartfully drawn and somewhat less than forthright but it does set out a claim that defendants instigated and caused appellant's arrest without basis in the warrant employed. Under allegations of a similar character, the court in *Sturgeon v. Holtan,* 486 S.W.2d 209 (Mo. 1972) held the petition sufficient to survive a motion to dismiss.

Whether appellant can support her allegations that Lewis and Van Buskirk caused her arrest and, if so, that their acts were not cloaked with official immunity are questions which will be ripe for determination only after the case progresses to the point where appellant is required to set out the particular facts relevant to her claim. At the present stage of the case, those facts are not before the court, and until they are, the petition allegations are enough to permit appellant the discovery procedures she seeks.

## OFFICIAL IMMUNITY

In their motions to dismiss below, Lewis and Van Buskirk urged that each was protected from suit by official immunity. Van Buskirk also claimed judicial immunity because of his status as a court employee selected by and serving at the pleasure of the judges of the 16th Judicial Circuit. The order of dismissal by the trial court did not state which of the various grounds set out in respondents' motions was adopted as the basis for the order. On this appeal, Van Buskirk argues that official immunity or judicial immunity are alone sufficient to warrant affirmance of the dismissal. The brief filed by Lewis fields no argument on the point.

■ Assuming that the claim of immunity survives as to both Lewis and Van Buskirk and that the conduct complained of by each occurred in the course of activities associated with the respective offices held by Lewis and Van Buskirk, it is plain that the availability of immunity cannot be ascertained until the nature of the act or acts which brought about execution of the stale warrant has been set out.

■ Official immunity, the insulation of a public officer from tort liability, depends upon whether an act is discretionary or ministerial. If the former, the official is immune, but he is subject to liability for negligently performing ministerial acts. *Oberkramer v. City of Ellisville*, 650 S.W.2d 286, 295 (Mo.App.1983). A discretionary act is one requiring the exercise of reason in determining how or whether the act should be done, while a ministerial function is that of a clerical nature which a public officer is required to perform without regard to his own judgment concerning the propriety of the act. *Jackson v. Wilson*, 581 S.W.2d 39, 43 (Mo.App.1979). In the case of officials in supervisory positions, negligence in hiring unqualified persons to fill subordinate positions falls within the protected area of discretionary acts for which the official is immune. *Sherrill v. Wilson*, 653 S.W.2d 661, 669 (Mo. banc 1983).

In the present case, plaintiff Smith alleged that the defendants procured her unlawful arrest while "acting within the scope of their official responsibilities." Within the limits of official conduct, Lewis and Van Buskirk could have acted in a discretionary or ministerial function in processing the warrant. It yet remains, however, to be established how the event came about and what was the participation, if any, of Lewis or Van Buskirk. The applicability of official immunity is therefore equally uncertain depending entirely on an examination of the facts under the discretionary/ministerial test. A ruling on the defense of official immunity must await that time.

■ The argument by Van Buskirk that he is entitled to "quasi-judicial" immunity likewise need not be addressed on the merits for want of sufficient facts as to how the event complained of occurred. It is true, as Van Buskirk points out, that some cases have applied the doctrine of judicial immunity to court clerks where the act at issue was performed by the clerk at the express direction of a judge. The mere status of a defendant as a clerk of the court, however, does not itself impart a cloak of absolute immunity. As in all other cases of official immunity, the nature of the act and the circumstances under which it was performed are essential ingredients in testing the availability of the defense.

The judgment of dismissal is reversed and the case is remanded for further proceedings consistent with this opinion.

All concur.