Brian BJORKQUIST, a minor, by David C. Bjorkquist, his father and natural guardian, Appellants,

v.

CITY OF ROBBINSDALE, defendant and third party plaintiff, Respondent,

v.

STATE of Minnesota, third party defendant, Respondent.

No. C8–84–367.

Court of Appeals of Minnesota.

Aug. 14, 1984.

Charles T. Hvass, Jr., Minneapolis, for appellants.

Hubert H. Humphrey, III, Atty. Gen., Jerome L. Getz, Deputy Atty. Gen., St. Paul, for respondent.

Heard, considered, and decided by PARKER, P.J., and FOLEY and HUSPENI, JJ.

## OPINION

FOLEY, Judge.

Bjorkquist appeals from a summary judgment dismissing his claims against Robbinsdale on grounds of discretionary tort immunity. Bjorkquist claimed that Robbinsdale was negligent in timing traffic lights. We affirm.

## FACTS

On July 6, 1975 Bjorkquist was crossing the intersection of Highway 52 and 40th Avenue North on his bicycle when he was struck by an automobile. Bjorkquist had almost cleared the intersection when his light changed to red and the automobile driver's to green. Highway 52 is a state trunk highway. Fortieth Avenue North is a city street under Robbinsdale's jurisdiction. The intersection is controlled by semaphores which are maintained by Robbinsdale. The semaphores are equipped with a 22-second interval pedestrian walk button. The use of these buttons is explained in safety pamphlets which encourage bicyclists to dismount, push the button, and walk across dangerous intersections.

Bjorkquist contends that Robbinsdale was negligent in the timing of the traffic lights. Had more time been allotted between the green and the red, it is contended, Bjorkquist would have made it through the intersection safely.

## ISSUES

1. Is the timing of traffic signals a discretionary act which exempts Robbinsdale from tort liability?

2. Does discretionary immunity violate the Equal Protection Clause?

█ 1. Tort immunity for municipalities was abolished by statute in 1963 subject to few exceptions. Minn.Stat. § 466.02 (1982). One type of immunity that was recognized at common law and carried over as a statutory exception to liability related to discretionary acts defined as:

Any claim based upon the performance or the failure to exercise or perform a discretionary function or duty, whether or not the discretion is abused.

Minn.Stat. § 466.03(6) (1982). The court granted Robbinsdale's motion for summary judgment reasoning that the setting of time signals is a discretionary act, thereby rendering the city immune to suit by Bjorkquist.

A thorough history of discretionary act immunity has been provided by our court in *Ostendorf v. Kenyon*, 347 N.W.2d 834 (Minn.Ct.App.1984). We recognized that the purpose of discretionary act immunity is to prevent courts from becoming a forum to review government policy decisions. *Id.*, at 836–837. Generally a court attempts to discern whether the act in question was discretionary and immune, or ministerial and not immune; *Id.* We regard:

(a) discretionary act (as) one which requires a balancing of complex and competing factors at the planning, rather than the operational, stage of development. A ministerial act has been defined as 'absolute certain and imperative, involving merely the execution of a specific duty arising from fixed designated facts.' At some point, according to the Minnesota Supreme Court, discretion is exhausted and duty arises. (citations omitted).

*Id.* On the one hand, Robbinsdale emphasizes the planning and design aspects of timing lights, in particular, whether the lights at such intersections should be timed in reference to bicycles. This decision takes into consideration the volume of bicycle traffic, the impact of timing on traffic flow, and the presence of other safeguards. In fact, the intersection was equipped with pedestrian walk buttons; their use is encouraged by bicycle safety pamphlets. Robbinsdale argues that these are discretionary considerations. Bjorkquist responds that the discretionary decision was whether to put semaphores in the intersection in the first place. Thereafter, all decisions, such as timing, which merely implement the plan, are ministerial.

In *Ostendorf*, the government's decision to erect road signs to warn drivers about a stretch of highway with frequent accidents

was not discretionary. The placement of roadsigns was part of the state's continuing statutory obligation to perform maintenance on the highways. The present situation is quite different. There is no history of accidents nor unusually heavy bicycle traffic at the intersection. There is no obligation to time the lights a particular way. Rather, that decision is arrived at after weighing competing interests. This very issue was decided by *Weiss v. Fote*, 7 N.Y.2d 579, 167 N.E.2d 63, 200 N.Y.S.2d 409 (1960). *Weiss* held that a decision to time lights for a four-second clearance interval was discretionary and thus the city was immune to tort liability. The court reasoned:

> To accept a jury's verdict as to the reasonableness and safety of a plan of governmental services and prefer it over the judgment of the governmental body which originally considered and passed on the matter would be to obstruct normal governmental operations and to place in inexpert hands what the Legislature has seen fit to entrust to experts.

*Id.* at 585–586, 167 N.E.2d at 66, 200 N.Y.S.2d at 413. The *Weiss* rationale applies equally to discretionary act immunity in Minnesota.

2. The standard for reviewing equal protection matters varies. When fundamental rights are involved, the standard is strict scrutiny. But here the question regards the distinction:

> between municipal and private tortfeasors and consequently between victims of governmental and nongovernmental wrongdoers. For this legislative classification to be constitutionally valid, it must be *rationally related* to a legitimate governmental purpose. (citations omitted).

*Kossak v. Stalling*, 277 N.W.2d 30, 34 (Minn.1979). The rational relation standard is lenient. We need only consider whether the distinction promotes a legitimate state purpose. *Exxon Corp. v. Eagerton*, — U.S. —, 103 S.Ct. 2296, 2306, 76 L.Ed.2d 497 (1983). Government officials must be allowed to perform certain duties unfettered by the prospect of tort litigation. Judicial "second-guessing" of administrative decisions grounded in policy would severely handicap efficient government operations. *United States v. S.A. Empresa de Viacao Aerea Rio Grandense*, — U.S. —, 104 S.Ct. 2755, 81 L.Ed.2d 660 (1984). These are legitimate state purposes.

## DECISION

Robbinsdale's decision regarding the timing of a semaphore was discretionary. Discretionary act tort immunity does not violate equal protection.

**We affirm.**