**Brian J. LYONS, Appellant,**

v.

**STATE of Minnesota, by Hubert H. HUM-PHREY III, Attorney General, by Orville B. PUNG, Commissioner Department of Corrections, and Robert Erickson, Warden Minnesota Correctional Facility, Stillwater, Minnesota, Respondents.**

No. CO–84–1447.

Court of Appeals of Minnesota.

April 23, 1985.

Review Denied June 27, 1985.

William M. Dickel, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Cheryl A. Thomas, Sp. Asst. Atty. Gen., St. Paul, for respondents.

Heard, considered and decided by SEDGWICK, P.J., and FOLEY and CRIPPEN, JJ.

## OPINION

SEDGWICK, Judge.

Inmate Brian J. Lyons appeals summary judgment dismissing his claims against the state for negligent supervision and negligent provision of a potential weapon to an inmate.

## FACTS

On March 12, 1983, plaintiff/appellant Brian J. Lyons fought with another inmate, Thomas Lamb, in the recreation area at the Minnesota Correctional Facility at Stillwater. Lamb stabbed appellant seven times with a laundry pin fastener.

According to an affidavit from the warden at Stillwater, it is prison policy to issue laundry pins to the majority of inmates. The pins are not allowed in the protective custody unit or the segregation unit. If found there, the pins are considered weapons and inmates are charged accordingly. Lamb and appellant were not in either of these protective units at the time of the stabbing.

According to the warden's affidavit, prison officials carefully reviewed different ways to operate the laundry facility and decided that laundry pins should be used to fasten the inmates' net laundry bags. The affidavit also stated that reasonable precautions are taken to prevent injuries to the staff and inmates, including pat searches when inmates return to the cell from their industry assignments; frequent routine security checks; random cell shakedowns; daily observation of inmates; and continuous monitoring of inmates in programs like the recreation program.

Another affidavit by the prison security director states that personnel regularly patrol the recreation area and that correctional counselors were present on March 12, 1983, conducting periodic checks pursuant to security procedures. The recreation area is divided into several areas and is difficult to guard. Several years ago, walls were replaced with windows for bet-

ter viewing of inmates and an additional counselor was placed in the gym area.

## ISSUES

1. On the question of laundry pin distribution, did the trial court err by granting summary judgment in favor of the state based on discretionary immunity?

2. On the issue of negligent supervision, did the trial court err by granting summary judgment in favor of the state?

## ANALYSIS

1. Summary judgment is proper under the Minnesota Rules of Civil Procedure when:

> the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that either party is entitled to judgment as a matter of law.

Minn.R.Civ.P. 56.03. *See Holiday Acres No. 3 v. Midwest Federal Savings & Loan Association,* 308 N.W.2d 471, 480 (Minn. 1981).

The trial court granted summary judgment in favor of the state, but did not indicate on what grounds. Appellant makes two claims.

Appellant first argues that the state decision to allow the use of laundry pin fasteners at the prison was negligent. Whether or not the state is liable depends on whether this decision was discretionary or ministerial.

Controversial since its creation, the doctrine of sovereign immunity was abolished judicially in 1975. *See Nieting v. Blondell,* 306 Minn. 122, 235 N.W.2d 597 (1975). The Minnesota Supreme Court reasoned that it is unjust to refuse relief to those injured by the state's wrongful conduct. *Nieting* at 129, 235 N.W.2d at 601 (citations omitted).

However, the court did not intend to completely abolish such immunity. In fact, the *Nieting* decision was applied prospectively to allow the legislature time to enact a tort claims act.

In 1976, the Minnesota legislature enacted Minn.Stat. § 3.736. It provides that, in general, the state will pay compensation for claims if a private person would be liable for the same type of claim. Subdivision 3 describes a non-exclusive list of exclusions to liability.

In particular, Minn.Stat. § 3.736, subd. 3(b), provides that the state is not liable for "any loss caused by the performance or failure to perform a discretionary duty, whether or not the discretion is abused." This exemption from tort liability recognizes that the courts, through the vehicle of a negligence action, are not an appropriate forum to review and second-guess the acts of government which involve the exercise of judgment or discretion. *Cairl v. State,* 323 N.W.2d 20 (Minn. 1982).

Minnesota courts have outlined guidelines to determine if a given act is discretionary or ministerial. *See Ostendorf v. Kenyon,* 347 N.W.2d 834, 836 (Minn.Ct.App.1984). A discretionary act is one which requires a balancing of complex and competing factors at the planning, rather than the operational, stage of development. *Larson v. Independent School Dist. No. 314,* 289 N.W.2d 112 (Minn.1979).

The critical focus is on the nature of the act undertaken. *Id.* at 120. A ministerial act has been defined as "absolute, certain and imperative, involving merely the execution of a specific duty arising from fixed designated facts." *Ostendorf,* 347 N.W.2d at 837, (citing *Cook v. Trovatten,* 200 Minn. 221, 224, 274 N.W. 165, 167 (1937)).

The warden's affidavit outlines the decision making process behind the laundry pin decision and compels the decision that it was a discretionary act:

8. Prison officials have reviewed extensively different ways to operate the laundry facility. The use of laundry pins to fasten the net laundry bags has proved the most efficient * * *. The procedure involves issuing each inmate a net laundry bag and pin with which to fasten the

bag. The inmate's clothing is then washed in the bag. The procedure prevents the confusion involved in labeling each inmates clothing and avoids theft.

9. The prison has experimented with different ways of fastening the laundry bags but each method provides its own dangers and risks. For example, prison officials experimented with wire as a fastener for the bags. Inmates discovered that the wire could be used to jam door locks. This presented a serious risk to the security of the entire prison.

Since the decision regarding the laundry pins was discretionary, summary judgment on this issue was proper.

Appellant's argument that equal protection prohibits governmental immunity for unreasonable acts or omissions was considered and rejected in *Bjorkquist v. City of Robbinsdale,* 352 N.W.2d 817 (Minn.Ct. App.1984).

■ 2. Appellant also argues that the prison officials were negligent in supervising the recreation area. Appellant alleges in his affidavit that no prison personnel were present in the lower recreation area at the time of the fight. If this were true, it could establish negligent supervision.

■ The state says that the appellant's affidavit fails to establish a genuine issue of material fact that the downstairs gym area was not supervised according to plans. It would be quite difficult for the appellant to find witnesses to verify that there were no guards in the downstairs gym. He and the assailant were the only two downstairs during the fight. There is no document from any prison official indicating which guard was assigned downstairs and where he was at the time of the fight. Given the impossibility of obtaining other witnesses, appellant's signed affidavit is more than a "conclusory" statement; it establishes a genuine issue of material fact. Therefore, it was error to grant summary judgment on that issue.

### DECISION

We affirm summary judgment regarding the decision to use the laundry pins. We reverse summary judgment on the issue of negligent supervision, and remand that issue for trial.